IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COLETON PATTERSON,<br><br>        Plaintiff,<br><br>vs.<br><br>ALLIED PROPERTY AND<br>CASUALTY INSURANCE, JEREMY<br>HUFF, and ELIZABETH HUFF,<br><br>        Defendants. | Case No. 3:13-cv-00630-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to dismiss filed by Defendants Jeremy Huff and Elizabeth Huff (Doc. 12) to which Plaintiff Coleton Patterson filed a response (Doc. 13). For the following reasons, the Court grants the Huffs' motion to dismiss (Doc. 12).

**BACKGROUND**

On July 18, 2011, Joshua Mayberry was operating a motor vehicle in which Plaintiff was a passenger. The vehicle was owned by Elizabeth Sheffer (a.k.a. Elizabeth Huff) and insured by Defendant Allied Property and Casualty Insurance Company ("Allied"). On the aforementioned date, the motor vehicle was involved in a collision in Union County, Illinois. From Plaintiff's complaint, it is unclear whether this collision involved only Defendant Elizabeth Huff's vehicle or that of another. The at-fault driver[1] in the motor vehicle accident had an insurance policy with a limit of $50,000, which has been tendered.

On May 22, 2013, Plaintiff filed his original complaint in the Circuit Court of Jefferson County, Illinois, against Allied as well as against Elizabeth Huff and her husband, Jeremy Huff (Doc. 3-2). Plaintiff filed a two count complaint, asking for declaratory judgments against Allied

---

[1] The Court presumes that "at-fault driver" refers to Joshua Mayberry, however, this is not explicit in Plaintiff's complaint.

with regard to the Huffs' insurance policy.  Defendant Allied removed the case based on diversity jurisdiction to the District Court for the Southern District of Illinois (Doc. 3).

On July 12, 2013, the Huffs filed a joint motion to dismiss (Doc. 12).  In the Huffs' motion, they argue that Plaintiff has failed to state a claim against them and request that they be dismissed from the above-captioned matter.  On July 24, 2013, Plaintiff filed his response (Doc. 13).  In his response, Plaintiff notes that he added the Huffs as defendants because the insurance policy at issue is a contract between the Huffs and Allied. However, Plaintiff has no objection to the dismissal of the Huffs as defendants.  Allied has not filed a response to the Huffs' motion to dismiss.

The Court will now consider whether Defendants Jeremy Huff and Elizabeth Huff should be dismissed from the present case.

## ANALYSIS

The issue in the present case is whether the claims as against the Huffs should be dismissed, thereby effectively dismissing the Huffs from the present suit.  Where federal court jurisdiction is based on diversity of citizenship, federal law governs the procedural issues, while state law applies to the substantive issues.  *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S. Ct. 1136, 1141, 14 L. Ed. 2d 8 (1965).  Because dismissing all the claims as against the Huffs would remove the Huffs from the present suit, it is necessary to look to the federal rules to determine whether the Huffs are necessary to this case.  Federal Rule 19 of Civil Procedure states in relevant part:

**1.** A person who is subject to service of process and whose joinder will not deprive
the court of subject-matter jurisdiction must be joined as a party if:
    **(A)** in that person's absence, the court cannot accord complete relief
    among existing parties; or
    **(B)** that person claims an interest relating to the subject of the action and is
    so situated that disposing of the action in the person's absence may:

> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19.

In the present case, Plaintiff is asking for a declaratory judgment against Allied with regard to the underinsured motorist coverage listed in the relevant insurance policy. In their motion to dismiss, the Huffs accurately note that "[t]he only factual statements alleged in the Complaint with any relevance to the Huffs consist of allegations concerning their names and residence and an allegation that Ms. Huff was the owner of a vehicle in which the plaintiff was a passenger at the time of the collision." (Doc. 12, pg. 2). Both Plaintiff and the Huffs are in agreement as to dismissing the Huffs from this claim. Allied has not filed a pleading to express its opinion on the matter. Because the Huffs are not the real parties in interest in this action for declaratory judgment, while Allied is, it appears that the other parties currently before the court can proceed in this action unaffected by the dismissal of the Huffs. The Court finds that the Huffs are not required parties in this action, because they are not the real parties in interest, and therefore, the Court will dismiss the claims against the Huffs.

Accordingly, the Court dismisses both counts as against the Huffs as Defendants.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants Jeremy Huff and Elizabeth Huff's joint motion to dismiss (Doc. 12). Specifically, the Court **DISMISSES** all claims against Defendants Jeremy Huff and Elizabeth Huff. Accordingly, plaintiff's declaratory judgment action remains as against Allied.

**IT IS SO ORDERED.**  s/J. Phil Gilbert
**DATED: October 10, 2013**  **J. PHIL GILBERT**
  **DISTRICT JUDGE**